# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GEORGE HELT, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-05-684-W |
| | ) | |
| NICOIS SMITH, *et al.*, | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, appearing *pro se*, has submitted to this Court for filing a civil rights complaint pursuant to 42 U.S.C. §1983 alleging violations of his constitutional rights. He seeks to proceed in this action *in forma pauperis*, without prepayment of the fees for filing.

At the time of filing, Plaintiff's motion for leave to proceed *in forma pauperis* was deficient. Plaintiff's motion was missing a certified copy of Plaintiff's institutional account(s) statement for the six-month period immediately preceding his filing which must be signed by an authorized officer from the penal institution where he is currently incarcerated. Consequently, an Order was entered on June 20, 2005 (the "June 20th Order"), giving Plaintiff until July 8, 2005, to cure the deficiencies. Plaintiff was advised that if the deficiencies were not cured by that date, the action would be subject to dismissal without prejudice to refiling. A review of the file indicates that on June 20, 2005, Plaintiff filed another motion for leave to proceed *in forma pauperis* which contained identical deficiencies as his previously filed motion.

On July 13, 2005, rather than recommending dismissal of the action for failure to comply with the June 20th Order, the Court *sua sponte* gave Plaintiff additional time, until

July 28, 2005, in which to cure the deficiencies or voluntarily dismiss his action. Plaintiff was again advised that failure to comply with the terms of the Order could result in dismissal of this action without prejudice to refiling.

As of this date, Plaintiff has failed to comply with the Court's previous orders. Plaintiff has not submitted a certified copy of his account statement(s) for the six-month period immediately preceding his filing and signed by an authorized officer. Nor has Plaintiff filed a request for an extension of time to do so or sought to voluntarily dismiss his action. Under these circumstances, it is recommended that the action be dismissed without prejudice to the filing of a new complaint. *See* LCvR3.2 and 3.3.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of the District Court by September __8th__, 2005. *See* LCvR72.1. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation disposes of all issues referred by the District Judge in this matter.

ENTERED this  19th  day of August, 2005.

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE